UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/ Plaintiff,<br><br>v.<br><br>STEVEN STREIT,<br><br>Petitioner/ Defendant. | Case No. 3:18-cr-00027-LRH-WGC<br><br>ORDER |

Defendant Steven Streit moves for a compassionate release (ECF No. 48), under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed an opposition (ECF No. 51; supplement ECF No. 54), and Defendant replied (ECF No. 52). For the reasons contained within this Order, the Court denies Streit's motion.

I.  **BACKGROUND**

In late 2017, law enforcement became aware that someone at an IP address at Streit's apartment was uploading child pornography to a Skype account. After a search warrant was executed, a forensic analysis of Streit's digital devices showed evidence that Streit, having presented himself online as a 15-year-old boy, had been engaged in an online "relationship" with a 12-year girl for over a year. Streit coerced the girl into streaming video of herself nude and masturbating and saved the videos for later viewing. The investigation revealed Streit had 270 child pornography videos and at least 1,680 images of child pornography on his digital devices, some of which included bondage, masochistic and sadistic images, and involved children as young as infants. The investigation further revealed evidence that Streit distributed child pornography online, using Skype.

1

During an interview with officers, Streit admitted to downloading child pornography, saving files to his digital devices, and having a "relationship" with the 12-year-old girl. On November 13, 2018, Streit pled guilty to Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). On April 8, 2019, Streit was sentenced to 150-months, a downward departure from the recommended Guidelines (168 to 210-months), followed by lifetime supervision. Streit is currently serving his sentence at FCI Terminal Island, a minimum-security prison, located in San Pedro, California, and has a projected release date of October 2028.

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Streit indicates that he, through counsel, submitted a request for compassionate release on June 22, 2020, and that 30 days have elapsed. *See* ECF No. 48-3. The Government concedes the issue. *See* ECF No. 51 at 6 n.2. Therefore, the Court will decide Streit's motion on the merits.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

///

///

  (1) (A) extraordinary and compelling reasons warrant the reduction; or

    (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

  (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

  (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

### III. DISCUSSION

  While the Court finds that extraordinary and compelling reasons may warrant a reduction in Streit's sentence, the section 3553(a) factors and maintaining the safety of the community weigh against early release. First, Streit does not qualified for early release under the age provision: he is only 61 years old and has served just three years of his 150-month sentence. And Streit also does not qualify under the family circumstances provision: there is no indication that he needs to be released from prison to either care for an ailing spouse or minor children.

  Streit argues that extraordinary and compelling reasons exist because of the grave conditions at FCI Terminal Island. Currently, the BOP is reporting that no inmates and five staff are positive for the virus, 519 inmates and 42 staff have "recovered" from the virus, and that 10 inmates have died.[1] While this loss of life is not trivial, the Court also recognizes that BOP has begun vaccinating inmates: currently 132 staff have been inoculated and 125 inmates, representing an 18 percent vaccination rate.[2] *Id.* Therefore, the conditions at FCI Terminal Island do not warrant early release.

---

[1] https://www.bop.gov/coronavirus/ (last visited March 8, 2021).

[2] This is greater than the percentage of the total population that has been vaccinated: as of March 2, 2021, approximately 7.76 percent of the United States population has been fully vaccinated. https://www.immunizenevada.org/covid-19-vaccine (last visited March 5, 2021).

3

1    Having reviewed Streit's medical history, the Court finds, and the Government concedes, that extraordinary and compelling reasons exist in this case because Streit has obesity. He has gained 82 pounds since becoming incarcerated and has a Body Mass Index (BMI) of 34.6. The Centers for Disease Control guidance provides that individuals with obesity (BMI between 30 kg/m2 and <40 kg/m2) and severe obesity (BMI of 40 kg/m2 or above) have an increased risk of severe illness from COVID-19.[3]

However, even given Streit's health concerns, the section 3553(a) factors weigh heavily against early release. Streit's crime was very serious—it involved not only the distribution of child pornography, but he also portrayed himself online as a 15-year-old boy and attempted to have an online "relationship" with a 12-year-old girl whom he coerced into showing herself nude while masturbating. And Streit had 270 child pornography videos and at least 1,680 images of child pornography on his digital devices. This is not a victimless crime, but as the victim's statement indicates, such conduct affects the children exploited by such conduct for their entire lives. To reduce the sentence for such a serious crime would neither provide the adequate deterrence for such criminal conduct, nor would it provide adequate protection to the public for further crimes of this nature. Streit argues that his criminal actions occurred because he "had lost all connection with reality," was "grappling with chronic pain and had fallen into a deep depression." ECF No. 48 at 19. Nothing in the record before the Court shows that Streit has taken any steps to improve his mental health so that when released, he would be able to live a law-abiding life. The Court is extremely concerned that if it were to release Streit today, and confine him to house arrest, he would simply fall back into the life that led him to be incarcerated. Accordingly, the Court cannot find that a reduction to time served, approximately three years of a 150-month sentence, is appropriate given the section 3553(a) factors and the Court's duty to protect the community.

///

///

///

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited March 5, 2021).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion for compassionate release (ECF No. 48) is **DENIED.**

IT IS FURTHER ORDERED that Defendant's exhibit C, filed under seal, is to remain sealed to protect Defendant's medical history.

IT IS SO ORDERED.

DATED this 9th day of March, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE